UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80802-CIV-MARRA

JANE DOE NO. 8,

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

**OPINION AND ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Jeffrey Epstein's ("Defendant") Motion to Dismiss (DE 8). Plaintiff Jane Doe No. 8 ("Plaintiff") filed a response to the motion (DE 13) and Defendant filed a Reply (DE 15). The Court has carefully reviewed the motion, response, and reply, and is otherwise fully advised in the premises.

**Background**

On May 28, 2009, Plaintiff filed her Complaint against Defendant (DE 1). Plaintiff brings suit alleging Count I - Sexual Assault and Battery; Count II - Intentional Infliction of Emotional Distress; and Count III - Coercion and Enticement to Sexual Activity in Violation of 18 U.S.C. § 2422.

The facts, as alleged in the Complaint, are as follows: Defendant, an adult male, has a sexual preference and obsession for underage minor girls. Compl. ¶¶ 8, 9. Defendant engaged in

1

a plan and scheme in which he gained access to primarily economically disadvantaged minor girls in his home, sexually assaulted these girls, and then gave them money. Compl. ¶ 9.  In or about 2001, Plaintiff, then approximately 16 years old, became one of Defendant's victims. Compl. ¶ 9.

Defendant's scheme involved the use of young girls to recruit underage, ostensibly to give a wealthy man a massage for monetary compensation in his Palm Beach mansion. Compl. ¶ 11.  The underage victim would be brought or directed to Defendant's mansion, where she would be led up a flight of stairs to a room that contained a massage table in addition to other furnishings.  Id.  The girl would then find herself alone in the room with Defendant, who would be wearing only a towel. Id.  Defendant would then remove his towel and lie naked on the massage table, and then direct the girl to remove her clothes. Id.  Defendant would then perform one or more lewd, lascivious and sexual acts. Id.

Consistent with the foregoing plan and scheme, Plaintiff was recruited by another girl, who told her that she could make some money, but did not tell her what was involved. Compl. ¶ 13.  Plaintiff was picked up and brought to Defendant's mansion in Palm Beach. Id.  Once there, she was led up a flight of stairs to the room with the massage table. Id.  Defendant came into the room and directed Plaintiff to remove her clothes and give him a massage.  Id.  Plaintiff was frightened and felt trapped.  Id.  During the massage, Defendant touched Plaintiff's breasts and vagina, and grabbed her hand and placed it on his penis. Id.  Defendant masturbated himself during the massage.  Id. Defendant then left money for Plaintiff. Id.  As a result of this encounter with Defendant, Plaintiff experienced confusion, shame, humiliation, and embarrassment, and has suffered severe psychological and emotional injuries. Compl. ¶ 14.

Under Count I - Sexual Assault and Battery, the Complaint alleges as follows: Defendant made an intentional, unlawful offer of offensive sexual contact toward Plaintiff, creating a reasonable fear of imminent peril and sexual assault. Compl. ¶ 16.  Defendant intentionally inflicted harmful or offensive contact on the person of Plaintiff. Compl. ¶ 17.  Defendant tortiously committed a sexual assault and battery on Plaintiff.  Compl. ¶ 18.  Defendant's acts were intentional, unlawful, offensive and harmful. Id.  Defendant's plan and scheme in which he committed such acts upon Plaintiff were done willfully and maliciously. Compl. ¶ 19.  Plaintiff has suffered and will continue to suffer severe and permanent traumatic injuries, including mental, psychological and emotional damages and loss of enjoyment of life.   Compl. ¶ 20.

Under Count III, Coercion and Enticement to Sexual Activity in Violation of 18 U.S.C. § 2422, the Complaint alleges as follows:  Defendant used a facility or means of interstate commerce to knowingly persuade, induce or entice Plaintiff, when she was under the age of 18 years, to engage in prostitution or sexual activity for which any person can be charged with a criminal offense. Compl. ¶ 28.  On June 30, 2008, Defendant entered a plea of guilty to violations of Florida §§ 796,07 and 796.03 in the 15th Judicial Circuit in and for Palm Beach County (Case nos. 2008-cf-009381AXXXMB and 2006-cf-009454AXXXMB), for conduct involving the same plan and scheme as alleged herein. Comp. ¶ 29.  As to Plaintiff, Defendant could have been charged with criminal violations of Florida Statute § 796.07(2) (including subsections (c), (d), (e), (f), (g), and (h) thereof), and other criminal offenses including violations of Florida Statutes §§ 798.02 and 800.04 (including subsections (5), (6), and (7) thereof). Comp. ¶ 30.  As a result of Defendant's violation of 18 U.S.C. § 2422, Plaintiff has suffered personal injury, including mental, psychological and emotional damages. Compl. ¶ 31.

Defendant argues in his motion to dismiss that Counts I and III of the Complaint must be dismissed as time-barred by the applicable statutes of limitations on the face of the Complaint.[1] Plaintiff responds that the Court should deny the motion because it is not apparent from the Complaint that Plaintiff's claims are time-barred because the Complaint does not allege the date on which her claims <u>accrued</u>.  Additionally, Plaintiff argues that Count I is not time-barred because Plaintiff had until seven years after she reached the age of majority to file her claim.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  <u>See</u> <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); <u>see also</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 (2007); <u>Dura Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 346 (2005). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." <u>Id.</u> (internal citation and quotation omitted).  "A complaint need not

---

[1] Defendant's Motion does not move for dismissal of Count II.

specify in detail the precise theory giving rise to recovery.  All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests."  Sams v. United Food and Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  Id. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim.  Id.

**Discussion**

Count I alleges a claim for sexual assault and battery.  Defendant asserts that Count I should be dismissed because a four-year statute of limitations applies to that claim, and it is apparent from the face of the Complaint that Plaintiff filed her claim past this limitations period.

A statute of limitations bar is "an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint."  LaGrasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004) (citing Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993)).  A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is "apparent from the face of the complaint" that the claim is time-barred.  Id.; Omar v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003); Carmichael v.

Nissan Motor Acceptance Corp., 291 F.3d 1278, 1279 (11th Cir. 2002).

Defendant argues that, pursuant to Florida law, the statute of limitations for assault and battery is four years. Defendant relies upon Fla. Stat. § 95.11(3)(o), which provides:

> Actions other than for recovery of real property shall be commenced as follows:
> (3) Within four years.--
> (o) An action for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort, except as provided in subsections (4), (5), and (7).

Defendant asserts that, based upon the allegations in the Complaint[2], it was approximately eight (8) years between the alleged conduct by Defendant and the filing of the Complaint. Thus, Defendant argues, on the face of the Complaint, the four year statute of limitations has expired and, accordingly, Court I should be dismissed as time-barred.

In response, Plaintiff argues that Defendant is relying on the wrong limitations period. Section 95.11(3)(o), upon which Defendant relies, provides as follows: "An action for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort, **except as provided in subsections (4), (5), and (7)**." (emphasis added). Thus, Section 95.11(3)(o) is not applicable to causes of action falling within the purview of § 95.11(7). Section 95.11(7) provides as follows:

> (7) For intentional torts based on abuse. – An action founded on alleged abuse, as defined in s. 39.01, . . . may be commenced at any time within 7 years after the age of majority, or within 4 years after the injured person leaves the dependency of the abuser, or within 4 years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the abuse, whichever occurs later.

Accordingly, an intentional tort claim alleging "abuse" against a child, as described in Fla. Stat.

---

[2] The Complaint states that "In or about 2001, Jane Doe, then approximately 16 years old, fell into Epstein's trap and became one of his victims." Comp. ¶ 9.

§39.01, is controlled by §95.11(7), as an exception to the four-year limitations period provided for in §95.11(3)(o).  See H.T.E. v. Tyler Technologies, Inc., 217 F.Supp. 2d 1255, 1259 (M.D. Fla. 2002) (where language of a statute is clear and unambiguous, the statute must be given its plain and obvious meaning).

The term "abuse" is defined in Fla. Stat. §39.01(2) as follows: " 'Abuse' means any willful act or threatened act that results in any physical, mental or sexual injury or harm that causes or is likely to cause the child's physical, mental, or emotional health to be significantly impaired."  The Complaint in this case alleges "abuse" under the broad definition of §39.01.  Specifically, Count I alleges willful acts (Complaint ¶¶ 8-13, 16-19); resulting in physical, mental or sexual injury (Complaint ¶¶ 13,17, 20); that cause or are likely to cause the child's physical, mental or emotional health to be significantly impaired.  Thus, the seven-year limitations period after the Plaintiff reaches the age of majority applies to Plaintiff's claims in Count I.  According to the allegations in the Complaint, Plaintiff was approximately 16 years old in 2001.  Comp. ¶ 9.  It follows that Plaintiff was approximately 24 years old (and approximately six years past the age of majority) when she filed her Complaint.   Therefore, Count I is not time-barred pursuant to the applicable statute of limitations.

Counts III alleges a claim under 18 U.S.C. § 2255(a) based upon an alleged violation of 18 U.S.C. § 2422.  That statute states, in pertinent part,

> (b) Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).

Defendant argues that, on the face of the Complaint, Count III is barred by the statute of limitations contained in 18 U.S.C. § 2255(b).  That statute provides: "Any action commenced under this section shall be barred unless the complaint is filed within six years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability."  Defendant states that, based on the allegations of the Complaint, it has been eight (8) years since the alleged conduct by Defendant occurred, well past the six-year statute of limitations.  Additionally, Defendant asserts that Plaintiff is now at least 24 years old, well past the age of majority under both federal and state law.  See 18 U.S.C. § 2256(1); Fla. Stat. § 1.01.

Plaintiff responds that Defendant's motion assumes that the action accrued on the date when Defendant's alleged sexual misconduct occurred, but that the determination of when the limitations period accrues under the discovery rule in a case involving sexual misconduct with a minor requires a detailed and complex factual inquiry regarding when Plaintiff became aware of her injuries and was able to connect those injuries to the Defendant's conduct. (Resp. at 5-7). While ordinarily a Plaintiff need not negate the affirmative defense of the statute of limitations, LaGrasta, 358 F.3d at 845, when on the face of the complaint it appears that the limitations period has run, Plaintiff must allege facts which, if proven true, would avoid the limitations period. See Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (to dismiss a claim as time-barred it must appear beyond a doubt from the complaint itself that the plaintiff can prove no set of facts which would avoid a statute of limitations bar); Berkson v. Del Monte Corp., 743 F.2d 53, 55 (1st Cir. 1984); see, e.g., Autry Petroleum Co. v. BP Products North America, Inc., 2006 WL 1174443, * 4 (M.D. Ga. 2006) ("Plaintiffs' Complaint may be dismissed only if, from the

face of the Complaint, it is apparent (1) that the statute of limitations has run and (2) that there are no facts that Plaintiffs could prove that would support a finding that BP has committed a fraud which prevented Plaintiffs from bringing the action at an earlier time.")  A review of the Complaint, however, reveals no allegations which implicate the doctrine of delayed discovery, or would avoid the running of the limitations period.  Accordingly, the Court will dismiss Count III without prejudice for Plaintiff to amend to add allegations which implicate the doctrine of delayed discovery, if she can do so in good faith.

**Conclusion**

For the reasons stated herein, Defendant's Motion to Dismiss (DE 8) is **GRANTED IN PART AND DENIED IN PART** as follows:  Defendant's motion to dismiss Count I is denied.  Defendant's motion to dismiss Count III is granted.  Count III is hereby dismissed without prejudice, with leave to amend in accordance with this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of November, 2009.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record