UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-CV-80802-MARRA-JOHNSON

JANE DOE NO. 8

    Plaintiff,

v.

JEFFREY EPSTEIN,

    Defendant.
_____/

### DEFENDANT JEFFREY EPSTEIN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT [DE 24, 12/14/09]

Defendant JEFFREY EPSTEIN, (EPSTEIN), by and through his attorneys, files his answer and affirmative defenses to Plaintiff JANE DOE No. 8's Amended Complaint, dated December 12, 2009 [DE 24], and states:

1. Without knowledge and deny.

2. As to the allegations in paragraphs 2, Defendant asserts his Fifth Amendment privilege against self-incrimination. See DeLisi v. Bankers Ins. Company, 436 So.2d 1099 (Fla. 4th DCA 1983); Malloy v. Hogan, 84 S.Ct. 1489, 1495 (1964)(the Fifth Amendment's Self-Incrimination Clause applies to the states through the Due Process Clause of the Fourteenth Amendment - "[i]t would be incongruous to have different standards determine the validity of a claim of privilege based on the same feared prosecution, depending on whether the claim was asserted in state or federal court."); 5 Fed.Prac. & Proc. Civ. 3d §1280 *Effect of Failure to Deny – Privilege Against Self-Incrimination* ("...court must treat the defendant's claim of privilege as equivalent to a specific denial."). See also 24 Fla.Jur.2d *Evidence* §592. *Defendants in civil actions. –*

Jane Doe No. 8 v. Epstein
Page 2

"... a civil defendant who raises an affirmative defense is not precluded from asserting the privilege [against self-incrimination], because affirmative defenses do not constitute the kind of voluntary application for affirmative relief" which would prevent a plaintiff bringing a claim seeking affirmative relief from asserting the privilege.

3. EPSTEIN denies the allegation in ¶3 that he "is a citizen and resident of the state of New York." As to the remainder of the allegations in ¶3, Defendant asserts his Fifth Amendment privilege against self-incrimination. See DeLisi v. Bankers Ins. Company, 436 So.2d 1099 (Fla. 4th DCA 1983); Malloy v. Hogan, 84 S.Ct. 1489, 1495 (1964)(the Fifth Amendment's Self-Incrimination Clause applies to the states through the Due Process Clause of the Fourteenth Amendment - "[i]t would be incongruous to have different standards determine the validity of a claim of privilege based on the same feared prosecution, depending on whether the claim was asserted in state or federal court."); 5 Fed.Prac. & Proc. Civ. 3d §1280 *Effect of Failure to Deny – Privilege Against Self-Incrimination* ("...court must treat the defendant's claim of privilege as equivalent to a specific denial."). See also 24 Fla.Jur.2d *Evidence* §592. *Defendants in civil actions.* – "... a civil defendant who raises an affirmative defense is not precluded from asserting the privilege [against self-incrimination], because affirmative defenses do not constitute the kind of voluntary application for affirmative relief" which would prevent a plaintiff bringing a claim seeking affirmative relief from asserting the privilege.

4. As to the allegations in ¶4, deny.

5. As to the allegations in ¶5, without knowledge and deny.

6. As to the allegations in ¶6 and ¶7, Defendant asserts his Fifth Amendment privilege against self-incrimination. See <u>DeLisi v. Bankers Ins. Company</u>, 436 So.2d 1099 (Fla. 4th DCA 1983); <u>Malloy v. Hogan</u>, 84 S.Ct. 1489, 1495 (1964)(the Fifth Amendment's Self-Incrimination Clause applies to the states through the Due Process Clause of the Fourteenth Amendment - "[i]t would be incongruous to have different standards determine the validity of a claim of privilege based on the same feared prosecution, depending on whether the claim was asserted in state or federal court."); 5 <u>Fed.Prac. & Proc. Civ. 3d</u> §1280 *Effect of Failure to Deny – Privilege Against Self-Incrimination* ("…court must treat the defendant's claim of privilege as equivalent to a specific denial."). See also 24 <u>Fla.Jur.2d</u> *Evidence* §592. *Defendants in civil actions.* – "… a civil defendant who raises an affirmative defense is not precluded from asserting the privilege [against self-incrimination], because affirmative defenses do not constitute the kind of voluntary application for affirmative relief" which would prevent a plaintiff bringing a claim seeking affirmative relief from asserting the privilege.

7. As to the allegations in ¶¶8 through 14, Defendant asserts his Fifth Amendment privilege against self-incrimination. See <u>DeLisi v. Bankers Ins. Company</u>, 436 So.2d 1099 (Fla. 4th DCA 1983); <u>Malloy v. Hogan</u>, 84 S.Ct. 1489, 1495 (1964)(the Fifth Amendment's Self-Incrimination Clause applies to the states through the Due Process Clause of the Fourteenth Amendment - "[i]t would be incongruous to have different standards determine the validity of a claim of privilege based on the same feared prosecution, depending on whether the claim was asserted in state or federal court."); 5 <u>Fed.Prac. & Proc. Civ. 3d</u> §1280 *Effect of Failure to Deny – Privilege Against Self-*

Jane Doe No. 8 v. Epstein
Page 4

*Incrimination* ("...court must treat the defendant's claim of privilege as equivalent to a specific denial."). See also 24 Fla.Jur.2d *Evidence* §592. *Defendants in civil actions.* — "... a civil defendant who raises an affirmative defense is not precluded from asserting the privilege [against self-incrimination], because affirmative defenses do not constitute the kind of voluntary application for affirmative relief" which would prevent a plaintiff bringing a claim seeking affirmative relief from asserting the privilege.

8. As to the allegations in ¶15, Defendant realleges and adopts his responses to ¶¶1 through 14 of the Amended Complaint as set forth in ¶¶1 through 7 above herein.

9. As to the allegations in ¶¶16 through 20, Defendant asserts his Fifth Amendment privilege against self-incrimination. See DeLisi v. Bankers Ins. Company, 436 So.2d 1099 (Fla. 4th DCA 1983); Malloy v. Hogan, 84 S.Ct. 1489, 1495 (1964)(the Fifth Amendment's Self-Incrimination Clause applies to the states through the Due Process Clause of the Fourteenth Amendment - "[i]t would be incongruous to have different standards determine the validity of a claim of privilege based on the same feared prosecution, depending on whether the claim was asserted in state or federal court."); 5 Fed.Prac. & Proc. Civ. 3d §1280 *Effect of Failure to Deny — Privilege Against Self-Incrimination* ("...court must treat the defendant's claim of privilege as equivalent to a specific denial."). See also 24 Fla.Jur.2d *Evidence* §592. *Defendants in civil actions.* — "... a civil defendant who raises an affirmative defense is not precluded from asserting the privilege [against self-incrimination], because affirmative defenses do not constitute the kind of voluntary application for affirmative relief" which would prevent a plaintiff bringing a claim seeking affirmative relief from asserting the privilege.

10. As to the allegations in ¶21, Defendant realleges and adopts his responses to ¶¶1 through 14 of the Amended Complaint as set forth in ¶¶1 through 7 above herein.

11. As to the allegations of ¶¶22 through 26, Defendant asserts his Fifth Amendment privilege against self-incrimination. See DeLisi v. Bankers Ins. Company, 436 So.2d 1099 (Fla. 4th DCA 1983); Malloy v. Hogan, 84 S.Ct. 1489, 1495 (1964)(the Fifth Amendment's Self-Incrimination Clause applies to the states through the Due Process Clause of the Fourteenth Amendment - "[i]t would be incongruous to have different standards determine the validity of a claim of privilege based on the same feared prosecution, depending on whether the claim was asserted in state or federal court."); 5 Fed.Prac. & Proc. Civ. 3d §1280 *Effect of Failure to Deny – Privilege Against Self-Incrimination* ("...court must treat the defendant's claim of privilege as equivalent to a specific denial."). See also 24 Fla.Jur.2d *Evidence* §592. *Defendants in civil actions.* – "... a civil defendant who raises an affirmative defense is not precluded from asserting the privilege [against self-incrimination], because affirmative defenses do not constitute the kind of voluntary application for affirmative relief" which would prevent a plaintiff bringing a claim seeking affirmative relief from asserting the privilege.

12. As to the allegations in ¶27, Defendant realleges and adopts his responses to ¶¶1 through 14 of the Amended Complaint as set forth in ¶¶1 through 7 above herein.

13. As to the allegations in ¶¶28 through 35, Defendant asserts his Fifth Amendment privilege against self-incrimination. See DeLisi v. Bankers Ins. Company, 436 So.2d 1099 (Fla. 4th DCA 1983); Malloy v. Hogan, 84 S.Ct. 1489, 1495 (1964)(the Fifth Amendment's Self-Incrimination Clause applies to the states through the Due Process

Clause of the Fourteenth Amendment - "[i]t would be incongruous to have different standards determine the validity of a claim of privilege based on the same feared prosecution, depending on whether the claim was asserted in state or federal court."); 5 Fed.Prac. & Proc. Civ. 3d §1280 *Effect of Failure to Deny – Privilege Against Self-Incrimination* ("…court must treat the defendant's claim of privilege as equivalent to a specific denial."). See also 24 Fla.Jur.2d *Evidence* §592. *Defendants in civil actions.* – "… a civil defendant who raises an affirmative defense is not precluded from asserting the privilege [against self-incrimination], because affirmative defenses do not constitute the kind of voluntary application for affirmative relief" which would prevent a plaintiff bringing a claim seeking affirmative relief from asserting the privilege.

WHEREFORE, Defendant requests that this Court deny the relief sought by Plaintiff.

## Affirmative Defenses

1. As to all counts, Plaintiff consented to and was a willing participant in the acts alleged, and therefore her claims are barred, or her damages are required to be reduced accordingly.

2. As to all counts alleged, Plaintiff actually consented to and participated in conduct similar and/or identical to the acts alleged with other persons which were the sole or contributing cause of Plaintiff's alleged damages.

3. As to all counts, Plaintiff impliedly consented to the acts alleged by not objecting, and therefore, her claims are barred, or her damages are required to be reduced accordingly.

4. As to all counts, Defendant reasonably believed or was told that the Plaintiff had attained the age of 18 years old at the time of the alleged acts.

5. As to all counts, Plaintiff's alleged damages were caused in whole or part by events or circumstances completely unrelated to the incident alleged in the complaint.

6. Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff's claims as alleged in Counts I, II, and III of the Amended Complaint arose in 2001. Plaintiff did not file suit until 2009 – approximately 8 years later – and, thus, her claims are time barred.

7. As to Count I, Plaintiff's claim for assault and battery is time barred under §95.11(3)(o), Fla. Stat., as Plaintiff has failed to sufficiently allege "abuse" under §39.01, Fla. Stat., and thus, §95.11(7), Fla. Stat., is inapplicable.

8. As to Count I and Count II, the Counts are duplicative of each other and thus, Plaintiff has failed to state a cause of action in one or the other.

9. As to Count III, such claim is barred by the applicable statute of limitations, 18 U.S.C. §2255(b).

10. As to Count III, such claim is barred by the applicable statute of limitations, 18 U.S.C. §2255(b). Plaintiff has failed to sufficiently allege and cannot allege and facts that would implicate the doctrine of delayed discovery.

11. As to Count III, Plaintiff has failed to and cannot state a cause of action under 18 U.S.C. §2255, as she has failed to sufficiently and cannot allege a violation of 18 U.S.C. §2422, as the requisite predicate act.

Jane Doe No. 8 v. Epstein
Page 8

12. As to Count III, Plaintiff has failed to and cannot state a cause of action under 18 U.S.C. §2255, as she has failed to sufficiently and cannot allege a violation of 18 U.S.C. §2422. Plaintiff has failed to sufficiently allege and cannot allege – "using the mail or any facility or means of interstate or foreign commerce to knowingly persuade, induce or entice ..." JANE DOE NO. 8 in violation of 18 U.S.C. §2422(b).

13. As to Plaintiff's claims for punitive damages in Count I – "Sexual Assault & Battery," and Count II – "Intentional Infliction of Emotional Distress," such claims are subject to the limitations as set forth in §768.72, et seq., Florida Statutes.

14. As to Plaintiff's claims for punitive damages in Count I – "Sexual Assault & Battery," and Count II – "Intentional Infliction of Emotional Distress," such claims are subject to the constitutional limitations and guideposts as set forth in BMW of North America v. Gore, 116 S.Ct 1589 (1996); Philip Morris USA v. Williams, 127 S.Ct. 1057 (2007); State Farm v. Campbell, 123 S.Ct 1513 (2003); Engle v. Ligget Group, Inc., 945 So.2d 1246 (Fla. 2006). The Due Process Clause of the Fourteenth Amendment of the United States Constitution and Florida's Constitution, Art. I, §§2 and 9, prohibit the imposition of grossly excessive or arbitrary punishments

15. As to Plaintiff's claims for punitive damages in Count I – "Sexual Assault & Battery," and Count II – "Intentional Infliction of Emotional Distress," the determination of whether or not Defendant is liable for punitive damages is required to be bifurcated from a determination of the amount to be imposed.

16. Plaintiff has failed to state a cause of action for sexual assault and/or battery under Count I.

Jane Doe No. 8 v. Epstein
Page 9

17. As to Count III, Plaintiff has failed to plead a cause of action as she does not and can not show a violation of a predicate act under 18 U.S.C. §2255 (2005).

18. As to Count III, the version of 18 U.S.C. §2255 in effect at the time of the alleged conduct applies, and, thus, the presumptive minimum damages amount should Plaintiff prove the elements of such claim is $50,000, and not subject to any multiplier.

19. As to Count III, application of the amended version of 18 U.S.C. §2255, effective July 27, 2006, would be in violation of the legal axiom against retroactive application of an amended statute, and also in violation of such constitutional principles, including but not limited to, the "Ex Post Facto" Clause, U.S. Const. Article I, §9, cl. 3, §10, cl. 1, and procedural and substantive due process, U.S. Const. 14th Amend., 5th Amend. The statute in effect during the time of the alleged conduct applies.

20. As to Count III, application of the amended version of 18 U.S.C. §2255, effective July 27, 2006, is prohibited pursuant to the vagueness doctrine and the Rule of Lenity. A criminal statute is required to give " 'fair warning ... in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear.' " United States v. Lanier, 520 U.S. 259, 265, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997) (quoting McBoyle v. United States, 283 U.S. 25, 27, 51 S.Ct. 340, 75 L.Ed. 816 (1931)) (omission in original). The "three related manifestations of the fair warning requirement" are: (1) the vagueness doctrine bars enforcement of a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application; (2) the canon of strict construction of criminal

Jane Doe No. 8 v. Epstein
Page 10

statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered; (3) due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope.

21. The applicable version of 18 U.S.C. §2255 creates a cause of action on behalf of a "minor." Plaintiff had attained the age of majority at the time of filing this action, and accordingly, her cause of action is barred.

22. Because Plaintiff has no claim under 18 U.S.C. §2255, this Court is without subject matter jurisdiction as to all claims asserted.

23. Application of the 18 U.S.C. §2255, as amended, effective July 27, 2006, is in violation of the constitutional principles of due process, the "Ex Post Facto" clause, and the Rule of Lenity, in that in amending the term "minor" to "person" as to those who may bring a cause of action impermissibly and unconstitutionally broadened the scope of persons able to bring a §2255 claim.

24. 18 U.S.C. §2255 violates the Equal Protection Clause of the 14th Amendment under the U.S. Constitution, and thus Plaintiff's claim thereunder is barred.

25. 18 U.S.C. §2255 violates the constitutional guarantees of procedural and substantive due process. Procedural due process guarantees that a person will not be deprived of life, liberty or property without notice and opportunity to be heard. Substantive due process protects fundamental rights. Accordingly, Plaintiff's cause of action thereunder is barred.

## Certificate of Service

Jane Doe No. 8 v. Epstein
Page 11

     I HEREBY CERTIFY that a true copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following Service List in the manner specified by CM/ECF on this 17 day of December, 2009:

| | |
|---|---|
| Stuart S. Mermelstein, Esq. | Jack Alan Goldberger, Esq. |
| Adam D. Horowitz, Esq. | Atterbury Goldberger & Weiss, P.A. |
| 18205 Biscayne Boulevard | 250 Australian Avenue South |
| Suite 2218 | Suite 1400 |
| Miami, FL 33160 | West Palm Beach, FL 33401-5012 |
| 305-931-2200 | 561-659-8300 |
| Fax: 305-931-0877 | Fax: 561-835-8691 |
| ahorowitz@hermanlaw.com | jagesq@bellsouth.net |
| lrivera@hermanlaw.com | *Counsel for Defendant Jeffrey Epstein* |
| *Counsel for Plaintiff Jane Doe #8* | |

Respectfully submitted,

**BURMAN, CRITTON, LUTTIER & COLEMAN, LLP**
515 N. Flagler Drive, Suite 400
West Palm Beach, FL 33401
(561) 842-2820

By: _____
Robert D. Critton, Jr.
Florida Bar #224162
Michael J. Pike
Florida Bar #617296
*Counsel for Defendant Jeffrey Epstein*
rcrit@bclclaw.com
mpike@bclclaw.com